WHITNEY CENTER, INC. *v.* TOWN OF HAMDEN
(2644)

DUPONT, C.P.J., HULL and DALY, Js.

Argued February 15—decision released July 2, 1985

*Hugh I. Manke,* assistant town attorney, for the appellant (defendant).

*John W. Barnett,* for the appellee (plaintiff).

HULL, J. The defendant appeals from the judgment of the trial court sustaining the plaintiff's appeal from the defendant's tax assessment on the plaintiff's real

property on the assessment lists of October 1, 1980, and October 1, 1981, and reducing the assessments for each of those years.

The defendant makes three major claims:[1] (1) whether the court erred in relying upon an appraisal that was not based on the highest and best use of the subject property; (2) whether the court erred in relying upon an appraisal that did not include a calculation of maximum income; and (3) whether the court erred in overlooking the cost of construction in 1977–1978 and a 1977 bank appraisal. We find no error.

The facts, as found by the trial court, are not in dispute. The plaintiff operates a life care center on approximately 10.27 acres in Hamden. The center consists of a six-story structure containing lounges, a library, recreation rooms, laundry rooms, meeting rooms and 204 living units of various sizes, a one-story attached health care center and two garages connected to the central building by a covered walkway. Residents of the center pay a lump sum entrance endowment and a monthly service fee thereafter for the rights and services provided by the plaintiff.

For assessment purposes, the value of the plaintiff's real estate must be distinguished from the value of its business since it is the realty itself which is subject to the property tax assessment. General Statutes §§ 12-40 through 12-121. This task is complicated, in the present case, by the close relationship between the business and the land as well as by the fact that residents do not pay rent in the traditional sense.

There are three accepted methods of valuation which may be used for the assessment of real property. They

---

[1] The defendant also argued that the court erred in excluding evidence updating the 1977 bank appraisal. Since this issue is not properly presented in the defendant's brief, under Practice Book § 3060F (c) (3), we do not consider it.

are the comparable sales approach, the income approach, or the reproduction cost or cost approach. *Uniroyal, Inc.* v. *Board of Tax Review,* 174 Conn. 380, 385–86, 389 A.2d 734 (1978). The comparison sales approach was not used by the appraisers in this case since sales prices for other life care centers were unavailable. The reproduction cost approach, often used when a special purpose property must be assessed; *Chrysler Corporation* v. *State Property Tax Appeal Board,* 69 Ill. App. 3d 207, 387 N.E.2d 351 (1979); was also not used by the appraisers. Both the plaintiff's appraiser and the defendant's appraiser agreed upon the income approach as the appropriate route to be taken in appraising the property.

Since both appraisers used this method of valuation, the defendant's claims of error relating to the trial court's decision to ignore the cost of construction of the center are groundless because the cost of construction is not involved in the income approach to valuation. Although valuation of some properties may appropriately involve more than one single theory of valuation, and appraisals may be made which combine the cost and income approaches; *Xerox Corporation* v. *Ross,* 71 App. Div. 2d 84, 421 N.Y.S.2d 475 (1979); such was not done in this case.

The claim of the defendant that the plaintiff relied upon an appraisal which was not based on the highest and best use of the property is also without merit. An assessment of land at its fair value, of necessity, regardless of the method of valuation, takes into account the highest and best value of the land. *Hackensack Water Co.* v. *Borough of Old Tappan,* 77 N.J. 208, 390 A.2d 122 (1978).

Having agreed upon the income method as the correct method for valuation, the appraisers disagreed on which components of the plaintiff's total income should

be attributed to the real property rather than to the business, and on the valuation of those components. The trial court concluded that "this is a case where under all the circumstances a compromise figure will most accurately reflect the fair market value." The defendant's arguments are, essentially, that the court should have accepted his expert's evidence and calculations rather than substantially accepting the plaintiff's computations.

The short answer to the defendant's claims is found in *New Haven Savings Bank* v. *West Haven Sound Development,* 190 Conn. 60, 459 A.2d 999 (1983), wherein the court stated: "In determining valuation pursuant to § 49-14 [concerning deficiency judgments in a mortgage foreclosure action], the trier, as in other areas of the law, is 'not bound by the opinion of the expert witnesses . . . .' *Birgel* v. *Heintz,* 163 Conn. 23, 30, 301 A.2d 249 (1972). The referee could have rejected the appraisers' testimony 'in whole or in part regardless of [his] belief or nonbelief of the subordinate facts relating to [their opinions]' *Fox* v. *Mason,* 189 Conn. 484, 489, 456 A.2d 1196 (1983)." *New Haven Savings Bank* v. *West Haven Sound Development,* supra, 69–70. "In an appeal from the acquisition of property by eminent domain, we concluded that '[u]ltimately, the determination of the value of the land depended on the considered judgment of the referee, taking into account the divergent opinions expressed by the witnesses and the claims advanced by the parties.' *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612 (1961)." *New Haven Savings Bank* v. *West Haven Sound Development,* supra, 69. " 'The evaluation of testimony is the sole province of the trier of fact. We do not retry the case. The conclusion of the trial court must stand unless there was an error of law or a legal or logical inconsistency with the facts found.' (Citations omitted.) *Maresca* v. *Allen,* 181 Conn. 521,

523, 436 A.2d 14 (1980). We will disturb the trial court's determination of valuation, therefore, only when it appears on the record before us that the court 'misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was [its] duty to regard.' " *New Haven Savings Bank* v. *West Haven Sound Development,* supra, 70.

"In the present case the trial court employed the income method of valuation, the approach primarily relied upon by all of the appraisers, including the defendants' witness. Our review of the reasoning and figures utilized by the court reveals that in determining valuation it accepted and rejected portions of each appraiser's testimony in an effort to reach a compromise between the conflicting evidence presented. Under the circumstances of this case such an approach, which was clearly an effort to give due regard to all circumstances, was reasonable.

"We further reject the defendants' contention that there was 'no evidence' upon which the court could have reached its valuation figure. When confronted with conflicting evidence as to valuation, the trier may properly conclude that under all the circumstances a compromise figure most accurately reflects fair market value. See *Bennett* v. *New Haven Redevelopment Agency,* supra, 515–16." *New Haven Savings Bank* v. *West Haven Sound Development,* supra.

There is no error.

In this opinion the other judges concurred.