JOSEPH R. PEPE, TRUSTEE *v.* BOARD OF TAX REVIEW
OF THE TOWN OF WOODBURY
(5437)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 2, 1987—decision released June 14, 1988

*Hillard N. Einbinder,* for the appellant (plaintiff).

*James Wu,* with whom, on the brief, was *Thomas J. Sansone,* for the appellee (defendant).

DUPONT, C. J. This is an appeal from the denial by the trial court of the plaintiff's request for a reduction under General Statutes § 12-118 in the assessment of a private roadway by the town of Woodbury.[1] The basic claim of the plaintiff is that the trial court erred in finding that the defendant's method of assessment was rea-

---

[1] Two appeals were taken to the Superior Court, seeking a reduction in the tax assessments of the private road and of seventy-five acres of undeveloped land which abut the private road. The latter parcel is owned by the plaintiff and another. The plaintiff, in his appeal to this court, does not complain of the assessment of the undeveloped acreage. In the case of *Woodbury* v. *Pepe,* 6 Conn. App. 330, 505 A.2d 723 (1986), it was established that the owners of both the road and the land were liable for property taxes.

sonable, nondiscriminatory and did not result in a substantial over-valuation of his land.

At issue is the determination of the fair market value of a two mile long private road. The fee of the plaintiff in the road is subject to an easement in favor of 400 residential condominium units. The town found that the road had a fair market value of $580,000 and assessed the road at $406,000. At trial, the defendant's appraiser testified that the road had a total estimated fair market value of $1,032,752, but reduced its value by 40 percent because of its use by the owners of the condominium units, to arrive at a value of $622,512. This valuation exceeded that of the town's tax assessor. The trial court upheld the assessment of the town and dismissed the appeal. The plaintiff argues that the court abused its discretion because (1) it failed to place a nominal assessment on the road, and (2) it used a replacement cost method in valuing the road, without a deduction for depreciation.

The parties do not argue over the relevant law or the facts. They argue, rather, about the application of the decisional law to the facts. Neither cites any Connecticut case which discusses the valuation of a private road for tax assessment purposes or for condemnation purposes.

The plaintiff developed property on one side of the road as residential condominium units. In order to provide access to them, he was required to construct a road. He did so, granting easements over the road to the owners of the condominium complex. The road contains lights, a sewer system, markings, signs, and curbs. The condominium complex maintains it. The town refused to accept the road as a town road because the base of the road was not in compliance with town specifications. The plaintiff and the defendant agree that the highest and best use of the land is as an access

road for the existing condominiums and the seventy-five acres which the plaintiff owns with another person on the other side of the road.

"There are three accepted methods of valuation which may be used for the assessment of real property. They are the comparable sales approach, the income approach or the reproduction cost, or cost approach." *Whitney Center, Inc.* v. *Hamden,* 4 Conn. App. 426, 427–28, 494 A.2d 624 (1985). The plaintiff and the defendant both use a market data valuation or comparable sales approach for the land underlying the road. The road contains about 12.5 acres. The plaintiff would value the land at $2000 per acre for a total valuation of $25,000; the defendant would value the same land at $5000 per acre for a total valuation of $62,500. If this were the only difference in valuation espoused by the parties, this case would be a candidate for a per curiam decision. The plaintiff, however, claims that the road has no value beyond the land underlying the road because the land can never be used as anything except a road due to the easements. The defendant insists that the road not only has value as acreage but also that the cost of the improvements to the road must be added to that value.

The town's appraiser first used a market data approach in order to value the roadway, comparing it with the value ascribed to the seventy-five acres of unimproved land which adjoin the roadway. That unimproved acreage was valued at $3000 per acre, using eleven comparable sales for substantiation of that figure. The same sales were used to value the land underlying the road. That land, however, was valued at $5000 per acre instead of $3000 because of "adjustments made for size and improvements as the subject land includes an improved roadway." Thus, built into the valuation by the defendant's appraiser of $62,500 for the land underlying the road was the improvement to

the road. The same appraiser then valued the land using a cost approach method. He testified that the cost of reproducing the road would be $972,152, and then added this figure to the value of the land underlying the road. The appraiser did not allow any deduction from reproduction cost for depreciation because "the responsibility for maintenance is on the . . . [c]ondominium project."

We conclude that the assessment by the defendant reflected a substantial over-valuation of the road. This is so for at least two reasons.[2]

The value of the land as found by the town under the market data approach included a value for its improvements. By adding to that value another increment for reproducing the improvement, value for the same improvement has been included twice. The value of a special use property is not the market value of land plus the reproduction cost of improvements but the market value of the property as improved. *Connecticut Printers, Inc.* v. *Redevelopment Agency,* 159 Conn. 407, 414, 270 A. 549 (1970). The defendant's appraiser

---

[2] In addition to the two reasons cited in the text as causing an over-valuation of the road, it may also be argued that the value of the road, as improved, has already been included in the assessments of the condominium units since they are presumably more valuable because they abut an improved road. The plaintiff has not, however, advanced this argument. Furthermore, replacement or reproduction cost is a method of valuation usually used, not only when a special purpose property must be assessed; *Whitney Center, Inc.* v. *Hamden,* 4 Conn. App. 426, 428, 494 A.2d 624 (1985); but when the conclusion is justified that if the property were destroyed, the owner would rationally replace it. *New Haven Water* v. *Board of Tax Review,* 166 Conn. 232, 239, 348 A.2d 641 (1974). Here, since the condominium unit owners are legally responsible for the care and maintenance of the road, the plaintiff might not replace the road if it were destroyed.

It could also be argued that the 40 percent reduction in the value of the road allowed by the defendant's appraiser because of the use of the road by the condominium unit owners was an arbitrary reduction. Although some reduction may be proper, nowhere in his report or in his testimony is there any substantiation for a reduction in this particular percentage.

determined the value of the roadway as improved to be $5000 per acre; he could not then add to that figure the reproduction cost of the improvement. See id.

The second reason that the value of the road upon which the assessment is based is a substantial over-valuation is that the reproduction cost of the road was not reduced by any sum for depreciation. Connecticut cases which discuss reproduction cost as an alternative method of valuation provide for the reduction of the reproduction cost by a figure attributable to depreciation. *New Haven Water* v. *Board of Tax Review,* 166 Conn. 232, 348 A.2d 641 (1974) (personalty); *Federated Department Stores* v. *Board of Tax Review,* 162 Conn. 77, 291 A.2d 715 (1971); *Moss* v. *N. H. Redevelopment Agency,* 146 Conn. 421, 426, 151 A.2d 693 (1959); *Sibley* v. *Middlefield,* 143 Conn. 100, 106–107, 120 A.2d 77 (1956); *Cohn* v. *Hartford,* 130 Conn. 699, 702, 37 A.2d 237 (1944); *Lomas* v. *Nettleton,* 122 Conn. 228, 230, 188 A. 433 (1936). Whether the road is maintained by its owner or the owner of an easement over it does not change the fact that under commonly accepted accounting procedures, a dollar amount for depreciation must be deducted from the basis of a structure or improvement to realty in order to obtain its fair market value. 5 Nichols, Eminent Domain (3d Ed.) § 20.3.

The valuation of the assessor was unreasonable for the reasons discussed and necessitated the conclusion that the road was over-valued. *Hartensky* v. *Avon,* 163 Conn. 433, 311 A.2d 92 (1972). The court's conclusion that the assessment was nondiscriminatory and reasonable was not supported by the evidence. The appraisal report is, on its face, internally inconsistent. Over-valuation justifies redress under General Statutes § 12-118.

The trial court erred because it found that the defendant's method of appraisal was reasonable and non-

discriminatory and that the road was assessed in accordance with approved and accepted methods of ascertaining the value of the real estate. Although a court may use any of three accepted methods of valuation in determining whether an assessment of real estate is just and equitable, it may not rely on inconsistent facts or improper accounting principles when applying the particular method of valuation.

There is error, the judgment dismissing the appeal as to the valuation of the roadway is set aside and the case is remanded for a new trial as to that valuation.

In this opinion the other judges concurred.