[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
The plaintiff has filed a motion for deficiency judgment against the defendants under section 49-14 of the General Statutes. In June 4, 1993 the court (Levine, S.T.R.) ordered strict foreclosure and found the debt to be $594,049.77, plus attorney's fees of $2,756.25, a title search fee of $150.00 and an appraisal fee of $450.00. The costs of the action are $543.80. The title vested in the plaintiff on August 5, 1993. Interest is allowed from June 4, 1993 to August 5, 1993 in the amount of $9,570.58. The value of the property on the date title becomes vested in the mortgagee determines whether the mortgagee is entitled to a deficiency judgment. Eichman v. J 
J Building Co., 216 Conn. 443, 449.
The defendants claim that the plaintiff was required to accept a deed in lieu of foreclosure. That claim is rejected for reasons stated in Bank of Boston v. Platz, 41 Conn. Sup. 587,589-92 and Gateway Bank v. Lawler, 9 Conn. L. Rptr. 129.
The parties have sharply divergent opinions as to the value of the property on August 5, 1993. A property owner can give an opinion as to the value of his own property. Misisco v. LaMaita, 150 Conn. 680, 684, 685. The defendant Armenis claims the property is worth $560,000.00. The plaintiff's appraiser has valued the property on several occasions since 1989 when he first valued it at $560,000.00. Later estimates of value were $500,000.00 in 1991, $430,000.00 on April 30, 1992, $344,000.00 in June 1993 and $300,000.00 at this time. In determining value the court does not have to accept the opinion of the plaintiff's CT Page 8711 appraiser. Eichman v. J J Building Co., supra, 452, and can reject the claims of both sides and find a compromise figure as fair market value. Whitney Center, Inc. v. City of New Haven,4 Conn. App. 426, 430. After considering all the testimony and exhibits, the court finds the value of the property on August 5, 1993 to be $395,000.00, the same valuation determined by Judge Levine as of June 4, 1993. An additional attorney's fee of $750.00 and an additional appraiser's fee of $650.00 are allowed since the defendants agreed in the note to pay all costs of collection, and the property does not satisfy the debt. Interest on the deficiency judgment after title vested in the plaintiff on August 5, 1993 is discretionary, and it is inequitable to award it here.
A deficiency judgment shall enter against the defendants for $213,376.60.
ROBERT A. FULLER, JUDGE