[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the property owner from the doings of the Board of Tax Review with respect to its failure to reduce the assessment concerning its property known as 277 Folly Brook Boulevard, Wethersfield re the assessment of October 1, 1989.
The subject property consists of a funeral home, being for the most part, a one-floor building. It stands on 4.575 acres of land situated on Folly Brook Boulevard in Wethersfield. The Folly Brook runs through the property, which is also subject to a 100 foot wide HELCO utility easement, portions of which are designated as an inland Wetlands area. In all 2.40 acres are non-developable. The developable portion consists of 2.175 acres. The property lies entirely within a 100 year flood zone: Any future development would require approval by appropriate agencies, according to Mr. Miller, a civil engineer and witness for the plaintiff. There was no certainty, he said, that such approvals would be granted.
The Wethersfield assessor has determined that as of October 1, 1989, $1,727,900.00 was the fair market value and assessed the property at 70% of that figure. The plaintiff owner has appealed the Wethersfield assessor's October 1, 1989 valuation.
The plaintiff produced as a witness Mr. Goodsell, a qualified expert and appraiser. Using the Cost Approach and the Income Capitalization Approach, he reached a figure of $815,000.00 for the property as of October 1, 1989. Because of the poor commercial location of the subject and the dearth of appropriate comparable sales, he felt that the Sales Comparison Approach was not suitable. Mr. Flanagan, the defendant's expert, on the other hand, did use the Sales Comparison Approach and reached a market value figure of $1,496,000. In reaching this conclusion, he employed the Income Capitalization Approach and the Sales Comparison Approach. In doing so, he used as comparable certain office buildings and funeral parlors. These properties were not CT Page 9768 truly comparable because of their location and size. The subject property is in a unique location in that, although it is in a commercial zone, it is somewhat remote and in an area not as suitable as the properties used as comparable. Mr. Flanagan did find some sales of funeral parlors, but they differed from the subject to a marked degree.
The Court determines that the Cost Approach employed by Mr. Goodsell is the most appropriate, considering the special circumstances present in this case. Reference is made to the observations of the Court in Whitney Center, Inc. v. Town of Hamden, 4 Conn. App. 426, 428 (1985). In that decision the Court discusses the various methods of appraisal that may be employed and recognizes that two different approaches may be used together. It is felt that the cost or reproduction cost basis is suitable in this case as to the building and improvements. As to the land itself, the Sales Comparisons are used, even though the comparable sales used differ from the subject land. It is noted that one of the appraisers stated that the property involved presents a difficult appraisal problem.
The following findings are made:
Land as vacant:
 Undevelopable: 2.4 acres @ $15,000 per acre $36,000 Developable: 94,950 sq. ft. @ $4.00 per sq. ft. $379,800 -------- Total Land Market Value $415,800
Replacement Cost of Building and Improvements:
 (as per Marshall Evaluation Service) (rounded) $682,250 ------- $1,098,050
Total Market Value (rounded) $1,098,000
The Court finds the true and actual value of the subject property to be $1,098,000 as of October 1, 1989, and that the assessed value, at 70%, is $768,600.
John M. Alexander State Trial Referee CT Page 9769