MEMORANDUM OF DECISION
The instant case is an appeal from the decision of the Board of Tax Review of the City of New Haven not to reduce the amount of the assessment placed on the plaintiff's real estate on the assessment date October 1, 1991. The real estate consists of a lot 70 feet by an average of 145 feet improved by a contemporary house, CT Page 8260 in part two stories, in part one story, with a two-car attached garage. Its location at 255 Ogden Street is in one of the best residential area of the city. In court, the hearing consisted of the testimony and reports of two appraisers, Mr. Ball for the plaintiffs and Mr. Glidden for the city.
Both appraisers utilized the market data or direct sales comparison approach to value. There has been a dearth of sales in the area so not unsurprisingly the two appraisers had the same comparable sales, namely 216 St. Ronan Street, 420 Humphrey Street and 94 East Rock Road. Mr. Ball also used 90 Pearl Street as a comparable property. The value of the subject premises, as of October 1, 1991, according to Mr. Glidden, was $300,000.00 where as Mr. Ball's valuation was $245,000.00.
The city in its post-trial brief has complained about the format of Mr. Ball's appraisal. Mr. Glidden's appraisal was on a form known as the Uniform Residential Appraisal Report that is approved by the federal Fannie Mae and Freddie Mac programs. Mr. Ball's appraisal, however, was in narrative form. The city describes the Ball appraisal as a summary one which impedes the cross examination of its creator. The court disagrees with this characterization. Moreover the city's claim is belated. In cases of this type, an order is invariably entered setting a date by which the parties are to file their respective appraiser's reports. The Ball appraisal was filed on August 17, 1994 and no complaint was made of its form or content until the hearing which did not occur until May 23, 1995. Needless to say, the city never filed any appraisals before the hearing.
Comparable sales is one of three accepted methods for the valuation of real estate; the other two being the income approach and the reproduction cost or cost approach. Uniroyal, Inc. v.Board of Tax Review, 174 Conn. 380, 385-86 (1798); Whitney Center,Inc. v. Hamden, 4 Conn. App. 426, 427-28 (1985). In determining the market value of real estate, it is proper to consider all of the elements that could reasonably be urged as affecting the price of land by an owner or by a prospective purchaser. Thaw v.Fairfield, 132 Conn. 173, 177 (1945).
The burden of proving an error in the assessment was on the plaintiffs. New England Yacht Sales, Inc. v. Commissioner,198 Conn. 624, 634 (1986). And the court agrees with the city that 90 Pearl Street was not a particularly relevant comparable. Nonetheless the court finds that Mr. Ball's treatment of the three CT Page 8261 other comparables and their relationship to the subject property was the more credible evidence. Also, when confronted with conflicting evidence as to valuation, the trier may conclude that a compromise figure most accurately reflects fair market value.Whitney Center, Inc. v. Hamden, supra at 430.
The court finds that the fair market value of the plaintiffs' real estate as of October 1, 1991 was $255,000.00. The city is directed to make the appropriate change on the grand list and in the assessor's records. The city is also ordered to pay the plaintiffs taxable costs, and $450.00 for Mr. Ball's appraisal and $750.00 for his testimony as an expert.
Jerrold H. Barnett, Judge