[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts:
CT Page 12458
The issue in this tax appeal is the proper valuation of the Sears complex in West Hartford. . . .
. . . The plaintiff, Sears, Roebuck Co., owns a parcel of land containing slightly over thirteen acres within the Corbin's Corner Shopping Center in West Hartford. The site is improved with two buildings. The first building (the "store") is a three-story department store containing 163,450 square feet of gross floor area. The second building (the "auto center") is an automobile service center containing 34,088 square feet. The remaining portion of the parcel consists primarily of parking space.
The Sears complex is located on New Britain Avenue directly opposite from the West Farms Mall, a very successful super-regional shopping mall. . . . The town of West Hartford, in its assessment, valued the complex at $13,045,000 as of October 1, 1989, the valuation date. Edgar B. French, the Town's expert witness at trial, valued the complex at $12,346,000. (Mr. French was not involved in the Town's original assessment.) William E. Kane, Jr., the plaintiff's expert valued the complex at $11,700,000. It is, consequently, undisputed that the value of the complex is either $11,700,000 (the figure contended for by the plaintiff); $13,045,000 (the figure still contended for by the Town); or some intermediate figure.
Discussion:
This range can be quickly narrowed, because the value of $13,045,000, the figure contended for by the Town, is unsupported by any evidence in the case. . . . The Town's expert witness, as mentioned, testified that the value of the complex is $12,346,000. . . .
The Town's argument for a figure of $13,045,000 is as follows. The plaintiff has the burden of proving that the assessor's valuation was not the true and actual value of the property. In this case, the Town argues, the variance between its assessor's valuation and its expert's valuation is "insufficient to warrant judicial interference." Executive Square Limited Partnership v. Board ofTax Review, 11 Conn. App. 566, 571, 528 A.2d 409 (1987). This argument, however, both misstates and misapplies the law.
The law, as our Supreme Court has repeatedly explained, is that "[m]ere overvaluation is sufficient to justify redress under [Conn. Gen. Stat.] § 12-118, and the court is not limited to a CT Page 12459 review of whether an assessment has been unreasonable or discriminatory or has resulted in substantial overvaluation." NewburyCommons Limited Partnership v. City of Stamford,226 Conn. 92, 104, 626 A.2d 1292 (1993) (citation and internal quotation marks omitted). . . .
In this case . . . the plaintiff has met its burden of proving that the assessor's valuation was not the true and accurate value of the r property. In addition, there is no evidence in this case that supports the assessor's position. In any event, as will be seen, the actual overassessment here is substantial rather than slight. For these reasons, the Town's value of $13,045,000 cannot be found to be the true and actual value of the subject property. An overvaluation has consequently occurred, and judicial relief is appropriate.
The range of values supported by the evidence is thus between $11,700,000 (the plaintiff's figure) and $12,346,000 (the figure of the Town's expert). Even this relatively narrow range must, however, be further compressed because the method used by the Town's expert to arrive at the value of $12,346,000 is plainly inappropriate. This finding requires some explanation.
"There are three accepted methods of valuation which may be used for the assessment of real property. They are the comparable sales approach, the income approach, or the reproduction cost or cost approach." Whitney Center, Inc. v. Town of Hamden,4 Conn. App. 426, 427-28, 494 A.2d 624 (1985).
It is undisputed in this case that no comparable sales figures exist. The choice here, consequently, is between the income approach (sometimes referred to as the capitalization approach) and the cost approach.
The $12,346,000 value placed on the subject property by the Town's expert, Mr. French, is based on the cost approach. Although the cost approach is, as mentioned, a recognized method of valuation, I have concluded, in light of all of the evidence in the case, that that approach is a less appropriate approach than the capitalization approach here. The reason, essentially, is that on October 1, 1989, the valuation date, the buildings in the Sears complex were quite old. The store was built in 1961. Additions and improvements were made to the store in 1972 and 1984, but the evidence does not reliably indicate what percentage of the store was thus improved. The auto center was also built in 1961 and contains a relatively small addition built in CT Page 12460 1984.
"Because cost and market value are usually closely related when properties are new, the cost approach is important in estimating the market value of new or relatively new construction." The Appraisal of Real Estate 316 (10th ed. 1992). The subject property is neither new nor relatively new. . . . In this case, the subject property is sufficiently old that the cost approach is less useful than the capitalization approach in arriving at a fair and accurate value.
The $11,700,000 value of the plaintiff's expert, Mr. Kane, is based on the capitalization approach. The Town's expert, Mr. French, did an alternative valuation based on the capitalization approach and, by using this approach, arrived at a value of $12,106,000. After considering all of the evidence, I have decided that this latter figure represents the true and accurate value of the subject property. This conclusion is based on credibility. . . .
It is unnecessary to review the problems with Mr. Kane's report in exhaustive detail. It is, however, fair to say that it contains a number of factual inaccuracies. Some of these are relatively small, but taken together they did not give me confidence in his conclusion. One matter, prominently discussed should be mentioned specifically. The store contains a mechanical penthouse of approximately 8,000 square feet. This space is used for items such as elevator equipment, air conditioners, and boilers. This unit is not even mentioned in Mr. Kane's report. On the stand, Mr. Kane testified that he omitted a description of the mechanical penthouse because he used the income capitalization approach, and the area of the penthouse does not itself contribute to the income of a department store. This makes some limited sense, but two problems remain. First, as the Town correctly points out, many comparable commercial properties, including some relatively new ones, have comparable mechanical penthouses. Moreover, all large stores have other non-income producing areas such as bathrooms and boiler rooms. It makes no sense to exclude this space, while comparable properties assessed by the Town and used by both experts for purposes of their capitalization calculations include comparable spaces. Second, the very fact that Mr. Kane completely omitted this rather substantial area from his report without indicating in any way that he was doing so indicates that his report is not as careful and thorough as that of Mr. French. CT Page 12461
In light of all of the evidence, I am persuaded that Mr. French's value based on the income approach of $12,106,000 is the true and accurate value of the subject property as of October 1, 1989. The assessor and Board of Tax Review shall correct the assessment against the plaintiff to conform with this decision. No costs shall be taxed to either party.
Blue, J.