[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant case is an appeal from the decision of the Board of Tax Review of the Town of Madison not to reduce the assessment placed on the plaintiffs' real estate as of October 1, 1991. The complaint is broadly framed and includes allegations that could be cognizable under Gen. Stat. § 12-119 as well as § 12-117a. All allegations, except a claim of an excessive assessment, however, were abandoned. This appeal thus comes within the confines of § 12-117a. At the hearing Mr. Swift and Marc Nadeau, the plaintiffs' appraiser, testified as did Patricia Hedwall, the appraiser for the town.
 I.
From the evidence presented and the inferences reasonably drawn therefrom, the following facts were established. On May 8, 1987, the plaintiffs purchased their home in Madison for $575,000.00. The house is situated on a lot of slightly less than one acre and has ten rooms of which five are bedrooms. There are two and one-half bathrooms and five fireplaces in the house. The plaintiffs are the "first owners" having purchased the house from the builders.
The location of the house at 16 Stacey Lane is in an area that was described by both appraisers as "upscale." On both Stacey Lane and the adjacent street Randi Drive, large homes predominate. A decline in value for comparable homes occurred from 1988 through the early months of 1991. In the latter part of 1991 and since then, the housing market has become stabilized.
For the grand list of October 1, 1991, the Madison assessor CT Page 14032 placed a value of $163,580 on the plaintiffs' land, and $417,620 on the building for a total value of $581,200.00. At the hearing, the plaintiffs' appraiser stated the property had a market value as of October 1, 1990[1] of $500,000.00 while the town's appraiser testified that as of the same date the market value was $590,000.00. Mr. Swift's own estimates of market value ranged from $525,000.00 to $545,000.00.
 II.
The sales comparison approach relied upon principally by both appraisers is one of three accepted methods for the valuation of real estate; the other two being the income approach and the reproduction cost or cost approach. Uniroyal, Inc. v. Board of TaxReview, 174 Conn. 380, 385-86 (1978); Whitney Center, Inc. v.Hamden, 4 Conn. App. 426, 427-28 (1985). In determining the market value of real estate, it is proper to consider all of the elements that could reasonably be urged as affecting the price by an owner or by a prospective purchaser. Thaw v. Fairfield,132 Conn. 173, 177 (1945).
An owner of property can always testify as to its value,Moore v. Sergi, 38 Conn. App. 829, 839-40 (1995) even though it is unusual for a party to be so much at variance with his own expert. In any event the credibility of witnesses, including experts, is determined by the trier. See Manor DevelopmentCorporation v. Conservation Commission, 180 Conn. 692, 697
(1980). The court is of the opinion that the comparables furnished by Ms. Hedwall and her treatment of them provided the more credible evidence.
Nonetheless, the court declines to upset the Madison assessor's valuation on the basis of the small difference between it and Ms. Hedwall's figure (581,200.00 and 590,000.00). When confronted with conflicting evidence as to valuation, the trier may conclude that a compromise figure most accurately reflects fair market value. Whitney Center, Inc. v. Hamden, supra at 490.
 III.
The court concludes that the plaintiffs did not sustain their burden of proving an error in the assessment. New England YachtSales, Inc. v. Commissioner of Revenue Services, 198 Conn. 624,634 (1986). Judgment is rendered for the defendant. CT Page 14033
Jerrold H. Barnett, Judge