******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ELIYAHU MIRLIS *v.* YESHIVA OF
NEW HAVEN, INC.
(AC 44016)

Alvord, Elgo and Cradle, Js.

*Syllabus*

The plaintiff sought to foreclosure a judgment lien on certain real property owned by the defendant in connection with an unsatisfied judgment from a previous case involving the parties. The plaintiff submitted an appraisal before the trial court valuing the property at $960,000, and the defendant submitted an appraisal valuing the property at $390,000. Following a hearing, the court found the fair market value of the property to be $620,000, and rendered a judgment of strict foreclosure in favor of the plaintiff, from which the defendant appealed to this court. *Held* that the trial court did not improperly determine the fair market value of the property: the record contained ample documentary and testimonial evidence regarding the valuation of the property in question; moreover, in light of the significant disagreements between the expert appraisers offered by the parties, the court reasonably could conclude that a compromise figure best reflected the fair market value of the property.

Argued February 9—officially released June 8, 2021

*Procedural History*

Action to foreclose a judgment lien on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Spader, J.*, granted the plaintiff's motion for summary judgment as to liability only; thereafter, the matter was tried to the court, *Baio, J.*; subsequently, the court granted the defendant's motion to substitute a cash bond subject to certain conditions; thereafter, the court, *Baio, J.*, rendered judgment of strict foreclosure, from which the defendant appealed to this court. *Affirmed.*

*Jeffrey M. Sklarz*, for the appellant (defendant).

*John L. Cesaroni*, with whom, on the brief, was *James M. Moriarty*, for the appellee (plaintiff).

*Opinion*

ELGO, J. The defendant, Yeshiva of New Haven, Inc.,[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Eliyahu Mirlis. On appeal, the defendant claims that the court improperly determined the valuation of the property in question. We affirm the judgment of the trial court.

The relevant facts are not in dispute. The defendant is a Connecticut corporation that operated an orthodox Jewish high school in New Haven. In 2016, the plaintiff brought an action in federal court against the defendant and Daniel Greer,[2] "alleging that Greer, a rabbi and the former chief administrator of [the defendant], sexually abused him for several years while he was a student at the high school." *Mirlis* v. *Greer*, 952 F.3d 36, 40 (2d Cir. 2020), cert. denied,      U.S.     , 141 S. Ct. 1265, 209 L. Ed. 2d 8 (2021). Following a trial, the jury returned a verdict in favor of the plaintiff. The United States District Court for the District of Connecticut rendered judgment accordingly and entered a total award of $21,749,041.10, which included punitive damages and offer of compromise interest. The United States Court of Appeals for the Second Circuit subsequently affirmed the propriety of that judgment. Id., 51.

At all relevant times, the defendant owned real property known as 765 Elm Street in New Haven (property). When the judgment in his federal case went unsatisfied, the plaintiff filed a judgment lien on the property, which was recorded on the New Haven land records.[3] He then commenced this action in the Superior Court to foreclose on that lien.

On November 8, 2017, the plaintiff filed a motion for summary judgment as to liability only. The defendant did not oppose that motion, which the court granted on January 16, 2018. The plaintiff thereafter filed a motion for a judgment of strict foreclosure, which was accompanied by an eighty-three page written appraisal of the property. That appraisal concluded that the fair market value of the property was $960,000. The defendant filed an objection to the motion for strict foreclosure, claiming that "there is a dispute as to the value" of the property. Appended to the defendant's opposition was a two page written appraisal that specified a fair market value of $375,000 for the property. The defendant later submitted a more comprehensive written appraisal that estimated the fair market value of the property at $390,000.

The court held an evidentiary hearing on the valuation dispute, at which each party submitted the testimony and written report of their respective appraisers. Both expert appraisers testified that they had used the sales comparison approach to determine the property's fair market value. Utilizing that approach, the defendant's appraiser, Patrick Wellspeak, initially estimated the

value of the property to be $500,000 in light of comparable sales. Wellspeak then explained that he deducted $110,000 from that estimate due to "environmental issues" on the property, which resulted in a fair market value of $390,000. Wellspeak conceded that his conclusions with respect to those issues were predicated on a report prepared by Derrick Jones, who identified environmental issues that allegedly existed on the property.[4] On cross-examination, Wellspeak was asked if he did anything apart from reviewing Jones' report and speaking with him to assess the environmental condition of the property; Wellspeak replied, "No, those would be the only things that I did, reviewed his report and then had conversations with him."

The plaintiff's appraiser, Patrick Craffey, concluded that the fair market value of the property in light of comparable sales was $960,000. Craffey testified that he first "became aware" of Jones' report after he had performed his appraisal and explained that the report did not change his conclusions as to the value of the property, as his appraisal was "made irrespective of any environmental contamination."

In its subsequent memorandum of decision, the court began by noting that, in reaching its conclusions, it had "carefully and fully considered and weighed all of the evidence received at the hearing; evaluated the credibility of the witnesses; assessed the weight, if any, to be given specific evidence and measured the probative force of conflicting evidence; reviewed all exhibits, relevant statutes, and case law; and has drawn such inferences from the evidence, or facts established by the evidence, that it deems reasonable and logical." The court noted that both appraisers had utilized the sales comparison method to determine fair market value and had agreed that the highest and best use of the property was as a school. The court further found that the parties' respective appraisers, "while employing the same . . . method for valuation . . . took different approaches in doing so. . . . [T]he parties each took issue with the properties chosen by the other appraiser in determining the comparative sales." The court also noted that, unlike Craffey, Wellspeak had considered "environmental impact on the fair market value."

The court emphasized that "[t]he ultimate opinions regarding valuation were at considerable variance. Both parties take issue with the comparable sales considered by the other, and each takes issue with the other's treatment of environmental concerns." The court continued: "When confronted with conflicting evidence as to valuation, the trier may properly conclude that under all the circumstances a compromise figure most accurately reflects fair market value." The court then found, in light of "all of the evidence presented," that the fair market value of the property was $620,000. The court thereafter rendered a judgment of strict foreclosure in

favor of the plaintiff, and this appeal followed.

On appeal, the defendant claims that the court improperly determined the fair market value of the property, contending that "no evidence" supported its valuation. We disagree.

Under Connecticut law, a judgment lien on real property may be foreclosed in the same manner as a mortgage on that property. General Statutes § 52-380a (c). The standard of review that governs mortgage foreclosure proceedings thus applies to this judgment lien foreclosure appeal. "It is in the trial court's province to determine the valuation of mortgaged property, usually guided by expert witnesses, relevant circumstances bearing on value, and its own knowledge. . . . The trial court also determines the credibility and weight accorded to the witnesses, their testimony, and the evidence admitted. . . . Thus, the trial court's conclusion regarding the fair market value of the mortgaged property will be upheld unless there was an error of law or a legal or logical inconsistency with the facts found. . . . Its determination of valuation will stand unless it appears on the record . . . that the [trial] court misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was [its] duty to regard." (Citations omitted; internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 320 Conn. 91, 96, 128 A.3d 471 (2016).

In the present case, the court was presented with conflicting expert testimony concerning the proper valuation of the property in question. Those experts disagreed on precisely which sales should be considered under the sales comparison approach to valuation,[5] as well as the extent to which environmental concerns factored into the analysis. As a result, there was a significant discrepancy between the $960,000 valuation of the property provided by the plaintiff's appraiser and the $390,000 valuation provided by the defendant's appraiser.

As our Supreme Court has explained, "the trial court *may* set the property value at a compromise figure when confronted with conflicting expert testimony as to valuation . . . ." (Emphasis in original.) *Eichman* v. *J & J Building Co.*, 216 Conn. 443, 452, 582 A.2d 182 (1990). In *New Haven Savings Bank* v. *West Haven Sound Development*, 190 Conn. 60, 67, 459 A.2d 999 (1983), the trial court "was confronted with conflicting expert opinion testimony concerning valuation of the subject property." Although the defendants in that case—like the defendant here—claimed on appeal that "there was 'no evidence' upon which the court could have reached its valuation figure," our Supreme Court rejected that claim, stating: "When confronted with conflicting evidence as to valuation, the trier may properly conclude that under all the circumstances a compromise figure most accurately reflects fair market value."

Id., 70. The court further held that "such an approach, which was clearly an effort to give due regard to all circumstances, was reasonable." Id.; accord *Whitney Center, Inc.* v. *Hamden*, 4 Conn. App. 426, 429–30, 494 A.2d 624 (1985) (applying *New Haven Savings Bank* and concluding that trial court properly determined that " 'this is a case where under all the circumstances a compromise figure will most accurately reflect the fair market value' "). That logic applies equally to the present case.

Contrary to the contention of the defendant, the record before us contains ample documentary and testimonial evidence regarding the valuation of the property in question. Moreover, in light of the significant disagreements between the expert appraisers offered by the parties, the court reasonably could conclude that a compromise figure best reflected the fair market value of the property. Accordingly, the defendant's challenge to that valuation fails.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In its complaint, the plaintiff named the defendant in full as "Yeshiva of New Haven, Inc. FKA The Gan, Inc. FKA The Gan School, Tikvah High School and Yeshiva of New Haven, Inc."

[2] Greer is not a party to this foreclosure action.

[3] That judgment lien states in relevant part: "The judgment obtained by [the plaintiff] was in the amount of . . . $21,749,041.10, as of June 6, 2017. No amount of the judgment obtained by [the plaintiff] against [the defendant] has been paid to date, and the entire amount is due thereon."

[4] In his testimony, Wellspeak stated: "So Mr. Jones identified four primary environmental issues. One was dealing with an underground storage tank. The other was lead in the water for the drinking fountains. A third was lead paint on the windows. And the fourth was asbestos in the flooring."

[5] The plaintiff's appraiser selected four comparable sales for purposes of his May 30, 2019 valuation of the property: (1) the January, 2019 sale of the Paier College of Art in Hamden for $1 million; (2) the August, 2017 sale of Learn Academy in New London for $1.9 million; (3) the October, 2014 sale of a Montessori school in West Hartford for $1,450,000; and (4) the June, 2014 sale of Museum Academy in Bloomfield for $2.8 million. His report provided details on all four sales, as well as a sales comparison analysis and market conditions adjustment. By contrast, the defendant's appraiser selected five different sales for purposes of his August 2, 2019 valuation of the property: (1) the April, 2019 sale of a school property on Greene Street in New Haven for $1.2 million; (2) the December, 2018 sale of a school property on Clifford Street in Hartford for $1,411,000; (3) the June, 2017 sale of a school property on Whalley Avenue in New Haven for $1,525,000; (4) the April, 2016 sale of a school property on Cedar Grove in New London for $600,000; and (5) the June, 2015 sale of an office building on State Street in New Haven for $552,500.

[6] We are compelled to note that, in its principal appellate brief, the defendant also argues that this court "should reverse the foreclosure judgment," stating in full: "Since the defendant has an absolute right to substitute a bond in lieu of the judgment lien, the foreclosure judgment should not have entered. . . . The plaintiff did not appeal this decision of the trial court." (Citation omitted.) The defendant has provided neither legal authority nor analysis to substantiate that bald assertion. "[Our Supreme Court] repeatedly [has] stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Taylor* v. *Mucci*, 288 Conn. 379, 383 n.4, 952 A.2d 776 (2008); see also *Northeast Ct. Economic Alliance, Inc.* v. *ATC Partnership*, 272 Conn. 14, 51 n.23, 861 A.2d 473 (2004) ("[i]nasmuch as the plaintiffs' briefing of the . . . issue constitutes an abstract assertion completely devoid of citation

to legal authority or the appropriate standard of review, we exercise our discretion to decline to review this claim as inadequately briefed"); *Russell* v. *Russell*, 91 Conn. App. 619, 635, 882 A.2d 98 (parties must analyze relationship between facts of case and applicable law), cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005). We therefore decline to review that abstract assertion.

----