## TOWN OF WOODBURY *v.* JOSEPH R. PEPE, TRUSTEE
## (3659)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 5, 1985—decision released March 4, 1986

*Hillard N. Einbinder,* with whom, on the brief, was *Arnold M. Potash,* for the appellant (defendant).

*James Wu,* with whom, on the brief, was *John C. Bullock,* for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of the trial court rendered for the plaintiff after a court trial. The court held the defendant liable for property taxes due on a road and property adja-

cent to that road. The defendant was record owner of both the road and the adjacent property.

The defendant has raised ten claims of error. Six of the claims relate to the trial court's findings of fact or its failure to find certain facts. Two of the claims relate to conclusions of facts based upon other facts, and the remaining two relate to the court's ultimate conclusions that the defendant was liable for taxes assessed on what the court found to be a private roadway and the land adjacent to the roadway. A review of the record, transcript and the evidence in this case fully supports the express findings of facts and the legal conclusions drawn by the court. The record supports the court's findings of fact and its failure to find certain other facts and precludes us from finding error as to the first six claims. Facts, when supported by the evidence, may not be called into question or retried on appeal. *Meshberg* v. *Bridgeport City Trust Co.,* 1 Conn. App. 10, 14, 467 A.2d 685 (1983).

The last two claims of error, that the trial court erred in finding the defendant liable for taxes assessed on Woodlake Road since 1976 and that the trial court erred in finding the defendant liable for taxes assessed on his land adjacent to Woodlake Road, are also without merit.

The facts may be summarized as follows. The defendant developed a condominium complex, known as Woodlake, on land located in the town of Woodbury. The condominium complex consists of 400 units and is inhabited by approximately 1100 residents. The defendant conveyed the individual units but retained ownership of the road known as Woodlake Road which is approximately two miles in length. The defendant also maintained ownership in a seventy-five acre parcel abutting Woodlake Road. The plaintiff has assessed the value of the road and the adjoining seventy-five

acres and has every year since 1975 levied real estate taxes against said property, which taxes the defendant has neglected and refused to pay.

The plaintiff brought this action, pursuant to General Statutes § 12-161,[1] against the defendant, seeking to collect the unpaid taxes. The object of this statute is " 'to give a simple remedy for the collection of taxes by an ordinary action and to dispense with the prolixity in pleading.' " *Town of Westport* v. *Bassett Corporation,* 165 Conn. 410, 415, 335 A.2d 297 (1973).

We have, as indicated above, rejected the first eight claims of error as attacks on the factual finding of the trial court. We also reject the last two claims of error.

Connecticut law provides only two methods by which a taxpayer may contest his property taxes. The first and most widely used method is to appeal the assessment to the board of tax review and if the taxpayer is not satisfied he may appeal to the Superior Court under the provisions of General Statutes § 12-118.[2] The second method involves a direct application to the Superior Court under the provisions of General Statutes § 12-119[3] wherein the taxpayer must allege and prove

[1] General Statutes § 12-161 provides: "All taxes properly assessed shall become a debt due from the person, persons or corporation against whom they are respectively assessed to the town, city, district or community in whose favor they are assessed, and may be, in addition to the other remedies provided by law, recovered by any proper action in the name of the community in whose favor they are assessed."

[2] General Statutes § 12-118 provides in pertinent part: "Any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court."

[3] General Statutes § 12-119 provides: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an

that his property has been wrongfully assessed. It is conceded that no actions or appeals were brought by the defendant under either of these sections prior to the institution of the plaintiff's action. We note that §§ 12-118 and 12-119 differ in purpose. The first is an avenue providing for a review of the amount of the assessment made on taxable property, whereas the second contests the taxability of the property.

The defendant, by way of his counterclaim dated April 10, 1984, apparently has attempted to make out a claim under the provisions of § 12-119. Specifically, § 12-119 affords a remedy to owners of property which has been wrongfully assessed. In order for a property owner to avail himself of the remedy provided, relief must be sought "within one year from the date as of which the property was last evaluated for purposes of taxation . . . . " General Statutes § 12-119. Thus, any claim which the defendant may have asserted in his 1984 cross complaint pursuant to the provisions of § 12-119 was valid only insofar as it related to taxes allegedly due for the tax year ending October 1, 1983. Because the defendant failed to contest properly the

assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation and shall be served and returned in the same manner as is required in the case of a summons in a civil action, and the pendency of such application shall not suspend action upon the tax against the applicant. In all such actions, the superior court shall have power to grant such relief upon such terms and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

taxability of his property for the tax years 1975 through 1982 inclusive, the trial court was correct in holding the defendant liable for the taxes assessed those years. See *Hartford* v. *Faith Center, Inc.,* 196 Conn. 487, 489–91, 493 A.2d 883 (1985); *Norwich* v. *Lebanon,* 193 Conn. 342, 346–49, 477 A. 2d 115 (1984); *Cooley Chevrolet Co.* v. *West Haven,* 146 Conn. 165, 169, 148 A.2d 327 (1959); *West Haven* v. *Aimes,* 123 Conn. 543, 548–49, 196 A. 774 (1938).

Even if we assume, arguendo, that the defendant's counterclaim properly asserted a claim pursuant to § 12-119 for the tax year ending October 1, 1983, the trial court's judgment that the defendant was liable for taxes assessed during that year was also correct. After a full trial, the court rejected the defendant's claim that Woodlake Road had been legally dedicated to the plaintiff for public use and found that the roadway was private. These factual findings are, as we have noted, supported by the evidence.

Under the circumstances in this case, we can find nothing to support the defendant's claims of error.

There is no error.

In this opinion the other judges concurred.