[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Salter School has filed this tax appeal CT Page 4089 alleging that the actions of the City of New Britain through its tax assessors amount to "malfeasance, misfeasance, nonfeasance and fraud in the imposition of a manifestly excessive tax, prohibited under Conn. Gen. Stat. sec. 12-119." The plaintiff also alleges that its constitutional right to due process of law was violated.
The defendants City of New Britain and its tax assessor; have moved for dismissal of this action on two grounds: 1) the plaintiff has failed to exhaust the available administrative remedies; 2) the plaintiff has not commenced an action for relief from a claimed erroneous or illegal assessment within the time limitations allowed for the bringing of such actions.
Connecticut General Statutes secs. 12-111 and 12-118
provide administrative review procedures as a remedy for the overassessment of property taxes. See Woodbury v. Pepe,6 Conn. App. 330, 332 (1986). General Statutes sec. 12-119 provide: for direct application to the Superior Court where a party will be afforded a remedy if he can prove that his property was wrongfully assessed. Id. at 332-33. Since the plaintiff seeks review under sec. 12-119, rather than secs. 12-111 and12-118, the defendants' claim that a dismissal should occur due to a failure to exhaust administrative remedies is without merit.
The plaintiff, however, failed to file this action within the one year time limitation of sec. 12-119. See, Conn. Gen. Stat. sec. 12-119; Norwich v. Lebanon, 193 Conn. 342,347-48 (1984) appeal after remand 200 Conn. 697 (1986).
The plaintiff attempts several arguments designed to circumvent its failure to file the action within the applicable time period. The plaintiff first claims that the defendant should be estopped from advancing a statute of limitations argument. "Estoppel against a governmental agency may be invoked only in limited instances with great caution." Zolta v. Burns,8 Conn. App. 169, 175 (1986). "Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Id. quoting Zoning Commission v. Lescynski, 188 Conn. 724,731 (1982). The plaintiff has submitted no affidavits or other evidence that the elements of estoppel are present in this case. "Further, the party claiming estoppel in such cases must establish that he . . . `not only lacked the knowledge of the true state of things but had no convenient means of acquiring that knowledge.'" Zolta, 8 Conn. App. at 175 quoting CT Page 4090 Greenwich v. Kristoff, 2 Conn. App. 515, 522 (1984). Similarly, the plaintiff has not submitted evidence to prove this facet of estoppel. For these reasons, it is submitted that the plaintiff may not rely on estoppel to defeat this motion to dismiss.
The plaintiff also contends that a statute of limitations issue may not be raised by a motion to dismiss. Nevertheless, "the failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543,550 (1985) (emphasis added.) A jurisdictional issue may be raised by a motion to dismiss. Conn. Practice Book Sec. 143. Therefore, the issue of whether this appeal was timely filed is a jurisdictional issue which may be raised by a motion to dismiss.
The plaintiff next asserts that the time limitations in this matter should be controlled by Gen. Stat. sec. 52-577. Section 52-577, however, relates only to tort actions. This tax appeal is controlled by the one-year statute of limitations contained in sec. 12-119. Therefore, plaintiff's reliance on sec. 52-577 is inapposite.
The plaintiff's final argument is that the principles of equity require the court to hear this matter. Gen. Stat. sec. 12-119, however, "was clearly intended to take the place of the remedy in equity based on the overvaluation of the property and as all the relief can be obtained under it which could be afforded by equity, it precludes a resort to equity generally . . ." Norwich v. Lebanon, 200 Conn. 697, 706 (1986). Therefore, equity does not provide a basis for the court to hear this case.
Accordingly, the motion to dismiss is granted.
JOHN M. BYRNE JUDGE, SUPERIOR COURT