[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIRE DEFENDANT'S AMENDED SPECIALCT Page 197-GDEFENSES.[1]
In May 1994, the Plaintiff City of Danbury, commenced this action seeking to foreclose real estate tax liens on the subject property dating back ten list years or more to present (1984-1996). The tax liens foreclosed upon are a result of the defendant, Philbury, Inc's predecessor in title and the defendant's failure to pay said real estate taxes. On April 24, 1995, during the pendency of this foreclosure action, the defendant took title and possession to the subject property. To date the defendant has failed to pay any real estate taxes due and owing on the subject property.
On March 22, 1996, this matter was claimed to the Civil Trial List. On July 2, 1996, plaintiff filed an amended complaint to capture the tax liens recorded subsequent to the commencement of this action. On August 2, 1996, the defendant filed an amended answer which included four special defenses.
The plaintiff has moved to strike all four of the defendant's amended special defenses dated December 5, 1996 on the grounds that they are not valid special defenses in an action to foreclose municipal tax liens. CT Page 197-H
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). Pursuant to Practice Book § 152(5), "[A] plaintiff can [move to strike] a special defense . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); Practice Book § 152(2).
A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). When ruling on a motion to strike the court must construe the facts most favorably to the nonmoving party. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "[I]f facts provable under the allegations would support a defense or cause of action, the . . . [motion to strike] must fail." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or defense." County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 585,491 A.2d 401 (1985).
"The purpose of a special defense is to plead facts that are CT Page 197-I consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). Additionally, Practice Book § 164 establishes the limits of a valid special defense and provides in pertinent part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially pleaded. . .".
 I First Special Defense
The defendant's first special defense alleges that the plaintiff cannot foreclose the tax liens set forth in the complaint because the property has been wrongfully and excessively assessed. (Appendix B)
The Connecticut Supreme Court has:
 repeatedly insisted that a taxpayer wishing to contest the legality of its tax assessments must follow prescribed statutory procedures. CT Page 197-J Schlumberger Technology Corporation v. Dubno, 202 Conn. 412, 422, 521 A.2d 569 (1987). `Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax irregularities, a taxpayer must exhaust them.' Norwich v. Lebanon, 200 Conn. 697, 709, 513 A.2d 77d (1986).
 `A taxpayer who has not sought redress in an appropriate manner is foreclosed from continuing litigation outside these statutes.' Owner-Operators Independent Drivers Assn. of America v. State, 209 Conn. 679, 692, 553 A.2d 1104 (1989), quoting National CSS, Inc. v. Stamford, 195 Conn. 587, 597-98, 489 A.2d 1034
(1985). By failing to contest the assessments of the parcel properly, the defendant has effectively waived his right to challenge them. Owner-Operators Independent Drivers Assn. of America v. State, supra, 209 Conn. 687, 553 A.2d 1104; Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987). Indeed, direct judicial adjudication is not warranted when the relief sought by a litigant may have been obtained CT Page 197-K through an alternative statutory procedure which the litigant has chosen to ignore. Owner-Operators Independent Drivers Assn. of America v. State, supra.
Town of Farmington v. Dowling, 26 Conn. App. 545, 549-550,602 A.2d 1047 (1992); see also Hartford v. Faith Center, Inc.,196 Conn. 487, 493 A.2d 883 (1985); and Town of Voluntown v. Rytman,21 Conn. App. 275, 573 A.2d 336 (1990).
There are two methods by which the assessment on the subject property may be challenged. "The claim that the property had been wrongfully or excessively assessed could have been appealed in one of two ways; (1) to the board of tax review and from there, within two months, to the Superior Court pursuant to §§ 12-111
and 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to § 12-119." Norwich v. Lebanon,193 Conn. 342, 346-48, 477 A.2d 115 (1984); Woodbury v. Pepe,6 Conn. App. 330, 332-33, 505 A.2d 723 (1986).
In Hartford v. Faith Center, Inc., supra, Town of Farmingtonv. Dowling, supra, and Town of Voluntown v. Rytman, supra, the court rejected the defendant's challenge to the validity of the tax assessment in the foreclosure action. As stated in Hartford
CT Page 197-L at 491:
 Since the claim of unlawful assessment raised in the special defense could have been redressed through an appeal from the board of assessors under § 12-111 or an application to the court under § 12-199 within the specified time limitations, it could not properly be raised in this action to collect taxes under § 12-161. Accordingly, the court did not err in granting the plaintiff's motion to strike the special defense.
Faith Center, Inc., Dowling, and Rytman are conclusive that the defendant's first special defense is not a valid special defense to the foreclosure of municipal tax liens. The defendant has never utilized the required statutory remedies to contest the assessment of taxes on this property and has therefore waived its ability to challenge the validity of the assessment in this action.
As part of the defendant's first special defense, it alleges the plaintiff is equitably estopped from collecting the taxes because the present fair market value of the property is less than the value at which the property was assessed. This challenge CT Page 197-M like the assessment issue is not an appropriate special defense to the foreclosure of municipal tax liens. Town of Voluntown v.Rytman, supra. Pursuant to Conn. Gen. Stat. § 12-62, the plaintiff town need only revaluate once a decade. Accordingly, the plaintiff is not required to perform an interim revaluation of the subject property for tax purposes. Town of Voluntown v.Rytman, supra; see also Uniroyal, Inc. v. Board of Tax Review,182 Conn. 619, 438 A.2d 782 (1981), and Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425, 525 A.2d 91 (1987).
Additionally, the defendant asserts the plaintiff is estopped from collecting the taxes due because it has failed to assess and tax "paper" roads in the subdivision where the property is located, the "paper" roads have not been built, and there is no access to the subdivision as a result thereof. These defendants do not bar plaintiff's claim for taxes due on the subject property and must therefore be stricken as a matter of law.
 II Second and Third Special Defense
The defendant cannot challenge the fees and costs associated with a foreclosure action prior to judgment. The defendant's second and third special defenses (Appendix B) allege the CT Page 197-N plaintiff is estopped from collecting the taxes claimed due and owing because of the means used to prosecute this foreclosure action. The defendant argues that as a result of filing one hundred and eleven foreclosure actions, naming certain subsequent encumbrancers whom the defendant argues were unnecessary, and the means employed for service of process, the plaintiff comes to this court with unclean hands. The second and third special defenses are not legally recognized in Connecticut as valid special defenses in a foreclosure action and as a matter of law must be stricken.
The defendant's second and third special defenses which attack the fees and costs associated with this foreclosure action are not valid. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465-472-73, 604 A.2d 814
(1992). Additionally, Practice Book § 164 establishes the limits of a valid special defense and provides in pertinent part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially pleaded . . . ."
Practice Book Section 187 establishes the requisite elements CT Page 197-O which must be alleged and proven for plaintiff to secure judgment of foreclosure for municipal tax liens.
 In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) The ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) to be used only in cases where the lien has been continued by certificate) that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section.
Furthermore, Practice Book § 187 states:
 When the lien has been continued by certificate, the production in court of the CT Page 197-P certificate of lien, or a certified copy thereof, shall be prima facie evidence that all requirements of law for the assessment and collection of the tax or assessment secured by it, and for the making and filing of the certificate, have been duly and properly complied with.
Fees and costs are not a required element which must be alleged and proven by the plaintiff in order to secure judgment in the foreclosure of municipal tax liens. The issues pertaining to attorney's fees, court costs, sheriff fees, title search fees, are all considered after judgment of foreclosure is rendered. Pursuant to Conn. Gen. Stat. § 12-193:
 Court costs, reasonable appraiser's fees, and reasonable attorney's fees incurred by a municipality as a result of any foreclosure action brought pursuant to section 12-181 or 12-182 and directly related thereto shall be taxes in any such proceeding against any person or persons having title to any property so foreclosed and may be collected by the municipality once a foreclosure action has been brought pursuant to section 12-181 or 12-182. CT Page 197-Q
Reasonable fees and costs are wholly within the discretion of the trial court. Additionally, it is important to note that the defendant has attacked fees and costs in this matter prior to plaintiff's request for any fees or costs. Fees and costs are only taxed against the persons having title to the property so foreclosed. Conn. Gen. Stat. § 12-193. This statute only allows for fees and costs after judgment. As such, these fees and costs form no part of plaintiff's burden of proof to obtain judgment of foreclosure. Whether the defendant may successfully object to the assessment of costs under the authority of General Statute § 52-248[2] is not now before the Court. That issue is a matter which must await the outcome of the trial. Therefore, defendant's second and third special defenses are not valid as they do not demonstrate that the plaintiff has no cause of action.
Additionally, defendant's claim that plaintiff has come to this tribunal with unclean hands as a result of the fees and costs incurred with the prosecution of this matter is without merit. Each parcel of land in the related foreclosure actions is a separate and distinct tax entity. Additionally, many of the parcels of land have different values resulting in different tax consequences. Each of the subsequent encumbrancers claimed to have been unnecessarily named and served are individually listed CT Page 197-R in a judgment lien recorded on the land records of the plaintiff city. Contrary to the defendant's assertion, plaintiff could not simply have named the partnership without a substantial likelihood that one of the named individuals would claim to be an omitted subsequent encumbrancer after plaintiff received judgment. Moreover, the sheriff performed service of process pursuant to Conn. Gen. Stat. § 52-261 and bill of cost won't be submitted until after judgment.
The application of the doctrine of unclean hands rests with the discretion of the court. DeCecco v. Beach, 381 A.2d 543,174 Conn. 29 (1977). Furthermore, it has been held:
 The maxim, being founded on public policy, may be relaxed on that ground; this resiliency can be seen not only where parties are not in pari delicto, but in some instances where they have been.
Cohen v. Cohen, 182 Conn. 193, 204, 438 A.2d 55 (1980). In addition, the doctrine "generally should not be employed to insulate the party who asserts it from the consequences of his own wrongdoing." Id. Moreover, the defendant has failed to demonstrate the plaintiff engaged in "willful misconduct . . . so as to invoke the equitable maxim as claimed." DeCecco v. Beach,
CT Page 197-S supra. Neither the defendant nor its predecessor in title have paid taxes in over ten years, thereby causing these cases to arise out of the defendant's own actions.
 III Fourth Special Defense
The defendant's fourth special defense, incorporates the allegations contained in the first three special defenses and alleges that the actions complained of therein constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
Municipal taxing authorities are exempt from the provisions of CUTPA. Conn. Gen. Stat. § 42-110c provides the following exemption from the application of CUTPA:
(a): Nothing in this chapter shall apply to:
 (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States. CT Page 197-T
Additionally, the court in the Town of Stratford v. Siciliano,
Judicial District of Fairfield at Bridgeport, Docket No. 0298647, (1993) relied on the following court decisions in striking the defendant's CUTPA counterclaim against the Town of Stratford in a tax foreclosure action:
 In Connelly v. Housing Authority of the city of New Haven, 213 Conn. 354, 567 A.2d 1212
(1990) the court held that since a municipal housing authority was subject to pervasive state and federal regulations it was exempt from CUTPA under the plain language of General Statutes Sec. 42-110c. Id., 362-63. The court also noted that the Federal Trade Commission Act ("FTCA"), the act upon which CUTPA is based, had not been applied to an act of a local public agency. Id., 363-64. See also Stacking Contracting Services, Inc. v. Town of Stratford, 5 Conn. L. Rptr. 233 (October 28, 1991, Murray, J.) (CUTPA does not lie against a municipality.); Metropolitan District Commission v. Miller, 6 CSCR 919
(September 25, 1991, Wagner, J.) (CUTPA does not apply to a public agency); French v.CT Page 197-U Wallingford Board of Education, 3 Conn.L.Rptr. 59 (December 20, 1990, Berdon, J.) (CUTPA does not apply to municipalities, and therefore has no application to the defendant Board of Education); Chernet v. Wilton,
2 Conn.L.Rptr. 475-76 (September 28, 1990, Cioffi, J.). (No cause of action under CUTPA lies against a municipality for injuries received in a near drowning at a recreational facility operated by the municipality); Metcalfe v. Ridgefield, 5 CSCR 329d (April 27, 1990, Flynn, J.) (CUTPA does not apply to municipalities because the FTCA has not been applied to municipalities.
CUTPA specifically exempts transactions administered by any regulatory board or officer acting under statutory authority of the state or of the United States. Conn. Gen. Stat. §42-110c. Furthermore, it has bene held that CUTPA does not apply to actions of a municipal agency. In the case at bar the plaintiff has commenced this action to foreclose municipal tax liens pursuant to the statutory authority of the State of Connecticut. Therefore, the plaintiff is exempt from the provisions of CUTPA and the defendant's fourth special defense must be stricken as a matter of law.
For the reasons set forth above, the motion to strike all CT Page 197-V four special defenses as contained in defendant's amended special defenses is granted in all of the cases listed in Appendix A attached hereto.
HON. WALTER M. PICKETT, JR. State Judge Referee
APPENDIX A
#CV 94 0316861S CT Page 197-W #CV 94 0316862S #CV 94 0316863S #CV 94 0316864S #CV 94 0316865S #CV 94 0316866S #CV 94 0316867S #CV 94 0316868S #CV 94 0316869S #CV 94 0316870S CITY OF DANBURY #CV 94 0316871S #CV 94 0316872S v. #CV 94 0316873S #CV 94 0316874S PHILBURY, INC. #CV 94 0316875S #CV 94 0316876S #CV 94 0316877S #CV 94 0316878S #CV 94 0316879S #CV 94 0316900S #CV 94 0316901S #CV 94 0316902S #CV 94 0316903S #CV 94 0316904S #CV 94 0316905S #CV 94 0316906S CT Page 197-X #CV 94 0316907S #CV 94 0316908S #CV 94 0316909S #CV 94 0316910S #CV 94 0316911S #CV 94 0316912S #CV 94 0316913S #CV 94 0316914S #CV 94 0316915S #CV 94 0316916S #CV 94 0316917S #CV 94 0316918S #CV 94 0316919S #CV 94 0316928S #CV 94 0316929S #CV 94 0316930S #CV 94 0316931S #CV 94 0316932S #CV 94 0316933S #CV 94 0316934S #CV 94 0316935S #CV 94 0316936S #CV 94 0316937S #CV 94 0316938S #CV 94 0316939S CT Page 197-Y #CV 94 0316940S #CV 94 0316941S #CV 94 0316942S #CV 94 0316943S #CV 94 0316944S #CV 94 0316945S #CV 94 0316946S #CV 94 0316947S #CV 94 0316948S #CV 94 0316955S #CV 94 0316956S #CV 94 0316957S #CV 94 0316958S #CV 94 0316959S #CV 94 0316960S #CV 94 0316961S #CV 94 0316962S #CV 94 0316963S #CV 94 0316964S #CV 94 0316965S #CV 94 0316966S #CV 94 0316967S #CV 94 0316968S #CV 94 0316969S #CV 94 0316970S CT Page 197-Z #CV 94 0316971S #CV 94 0316972S #CV 94 0316973S #CV 94 0316974S #CV 94 0316975S #CV 94 0316976S #CV 94 0316977S #CV 94 0316978S #CV 94 0316979S #CV 94 0316980S #CV 94 0316981S #CV 94 0316982S #CV 94 0316983S #CV 94 0316984S #CV 94 0316985S #CV 94 0316986S #CV 94 0316987S #CV 94 0316988S #CV 94 0316989S #CV 94 0316990S #CV 94 0316991S #CV 94 0316992S #CV 94 0316993S #CV 94 0316994S #CV 94 0316995S CT Page 197-AA #CV 94 0316996S #CV 94 0316997S #CV 94 0316998S #CV 94 0316999S #CV 94 0317002S #CV 94 0317003S #CV 96 0323800S #CV 96 0323801S #CV 96 0323802S #CV 96 0323799S
APPENDIX B
BY WAY OF SPECIAL DEFENSE
FIRST SPECIAL DEFENSE
At all times relevant hereto, the plaintiff wrongfully and excessively assessed the property taxes for the subject property for the tax years in question and under all circumstances the assessment was manifestly excessive, could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property and, in light of the foregoing, is invalid. Moreover, plaintiff should be equitably estopped from collecting all such outstanding taxes. In support CT Page 197-BB hereof, defendant states that:
 (a) The property that is the subject of this foreclosure, as well as those other parcels situated in the so-called Robinwood Terrace subdivision on which plaintiff commenced foreclosure proceedings at or about the same time as this action (collectively, the "parcels"), have been assessed since at least 1987 by plaintiff as "building lots;"
 (b) each of the parcels have been assessed at between $17,500 and $25,600;
 (c) the assessment should reflect 70% of the property's fair market value;
 (d) thus, based on the historic assessments of these parcels, plaintiff taxed these properties as though they had fair market values of between $25,000 and $36,572 each;
 (e) the appraiser, retained by plaintiff in this action, has stated however, inter alia, that:
 (i) the development of the uncompleted subdivision, in which these parcels are located, is "remote;" CT Page 197-CC
 (ii) "although the subject [property] is assessed as an approved lot, it is highly doubtful that it is buildable;"
 (iii) "to address this parcel as an individual building lot defies reason and feasibility since it would require extensive construction of new roads and then [it would be necessary to] obtain approval from the various land-use departments." Moreover, to address this parcel as an individual building lot is "very speculative since there is no guarantee that the proposed roads will be built or that the remaining subdivision would not be altered;"
 (iv) because of the limited data available and the lack of comparable properties, the valuation of these parcels is "speculative and overall generalized;" and
 (v) each of these parcels, including the parcel that is the subject of this foreclosure, have market values of between $4,000 and $5,000.
 (f) the plaintiff has failed to assess, tax and foreclose the roads in the subdivision in which these parcels are located;
(g) except for a small entranceway, the roads in the subdivision CT Page 197-DD in which these parcels are located have not been constructed; and
 (h) as a result of the foregoing, there is no public access to the individual parcels that are the subject of plaintiff's multiple foreclosures.
SECOND SPECIAL DEFENSE
In connection with the commencement of the present tax lien foreclosure, the plaintiff has violated Conn. Gen. Stat. §52-248 and comes to this proceeding with unclean hands in that the plaintiff has unreasonably sought to foreclose the subject parcels by commencing 111 separate actions thereby incurring unnecessary and duplicative costs and fees including, without limitation, filing fees, title search fees, appraiser fees, sheriff fees, lis pendens fees, lien charges and attorneys' fees. In accordance with Conn. Gen. Stat. § 52-257 andPractice Book § 422, and cases construing such provisions, all such duplicative and unnecessary costs and fees should be disallowed. In accordance with relevant statutory and Practice Book
provisions, plaintiff could have, and should have, commenced a single action rather than 111 duplicative matters. Moreover, plaintiff included unnecessary parties in each action, which also needlessly increased the costs and fees associated with these CT Page 197-EE collective actions, including: Richard Schlesinger, William Weinstein, Walter S. Simmers, Stephen B. Hazard, Louis R. Pepe, Richard D. Jones, James G. Green, Jr., Allan J. Kleban, David E. Rosengren, and Robert C. Hunt. All of these individuals are partners in general partnerships, which were also named as defendants. Any interest they have in the subject property could have been foreclosed by simply naming the general partnerships. All of the foregoing has precluded defendant from developing and/or selling the property.
THIRD SPECIAL DEFENSE
In connection with the commencement of the tax lien foreclosures on the related parcels, the plaintiff comes to the proceeding with unclean hands in that the plaintiff has caused the deputy sheriff to serve process in violation of Conn. Gen.Stat. § 52-261 and in such a manner so as to maximize the fees associated with commencing this proceeding and related proceedings, thereby incurring unnecessary and duplicative costs and fees. This included combined sheriff fees of in excess of $163,000. This figure is inequitable, unfair and unreasonable because: the sheriff sought and received reimbursement of approximately $11,000 from plaintiff for having traveled in excess of 51,000 miles (which is greater than the circumference of the earth); the sheriff made a single trip to Hartford and at CT Page 197-FF that time served 14 of the 18 original defendants with process in 107 actions by making a single stop at the law firm of Pepe 
Hazard, the law firm of Hebb Gitlin and the Secretary of State, yet the sheriff charged as though he had made multiple trips in unrelated actions; the sheriff charged and was paid over $3,600 in travel expenses for filing lis pendens on the land records in Danbury; and the sheriff charged and was paid copy charges in excess of $900. All of the foregoing has precluded defendant from developing and/or selling the property.
FOURTH SPECIAL DEFENSE
The first, second and third special defenses are hereby incorporated into this special defense. As a result of the foregoing, the plaintiff engaged in an immoral, unfair and deceptive manner thereby causing injury to the Defendant and, thus, violating the Connecticut Unfair Trade Practice Act ("CUTPA") C.G.S. § 42-110a et seq.
THE DEFENDANT PHILBURY INC.
By: _________________________________ Mark S., Baldwin Brown, Rudnick, Freed Gesmer, P.C CT Page 197-GG CityPlace I 185 Asylum Street, 38th Floor Hartford, CT 06103 (860) 509-6500 Juris No. 403862 Its Counsel